**Opinion filed April 16, 2009**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-08-00238-CV, 11-08-00239-CV, & 11-08-00240-CV

_____

**JERRY LEWIS DEDRICK, Appellant**

**V.**

**STATE OF TEXAS, Appellee**

**On Appeals from the 142nd District Court**

**Midland County, Texas**

**Trial Court Cause Nos. CR-19,164, CR-13,996, & CR-16,535**

### M E M O R A N D U M   O P I N I O N

These are appeals from the trial court's orders denying Jerry Lewis Dedrick's pro se motions to vacate three prior convictions. We affirm.

*Procedural Background*

Appellant is attempting to expunge or have vacated his 1993 conviction for delivery of cocaine,[1] the 1990 revocation of his community supervision from his 1987 conviction for possession of cocaine,[2] and his 1990 conviction for delivery of cocaine.[3] Appellant was sentenced to confinement for fifteen years for the 1993 conviction and confinement for ten years for the 1990

_____

[1]Cause No. 11-08-00238-CV.

[2]Cause No. 11-08-00239-CV.

[3]Cause No. 11-08-00240-CV.

conviction and for the 1990 revocation. Appellant is currently confined in the FCC Beaumont Medium, a federal correctional complex, as a result of a conviction for a cocaine related offense.

In each case, appellant filed pro se motions to expunge and to vacate his convictions. Appellant argued in these motions that expunging these convictions was in the best interest of justice because expunction would increase his chances to be a trustee in the federal system. Appellant also argued that failure to vacate or expunge would result in double jeopardy violations.

The trial court entered orders denying each of appellant's motions.

*Issue on Appeal*

In his pro se briefs, appellant challenges the trial court's orders on the ground that each of his guilty pleas were not voluntarily entered. He argues that there is showing or "memory" of proper waiver or admonishment.

*Applicable Law*

TEX. CODE CRIM. PROC. ANN. arts. 55.01-.06 (Vernon 2006 & Supp. 2008) defines the remedy of expunction and details the procedure. Expunction is only available after conviction if the defendant has subsequently been pardoned. Article 55.01. The record before this court affirmatively establishes that appellant has not been pardoned for any of the three convictions.

*Holding of this Court*

Appellant is attempting to collaterally attack his three final convictions. Expunction is not the proper remedy. The trial court did not err in denying his motions. All of appellant's contentions have been considered, and each is overruled.

The orders of the trial court are affirmed.

PER CURIAM

April 16, 2009

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

2